Mr. Porter, we saw you earlier this week. An encore performance. Good morning, Judge O'Scanlan, Judge Cowan, Judge Bea. My name is David Porter, and I represent Ernest Lee Allen, the appellant in this case. The district court in Fresno issued an order to show cause why the petition should not be dismissed for failure to exhaust. Now, the inmate assisting Mr. Allen submitted evidence to the court that Mr. Allen is schizophrenic. He submitted the psychiatrist's memorandum to that effect, and that Mr. Allen, quote, does not know how to respond to the court's order, unquote. Nevertheless, the order to show cause issued, and the petition was dismissed with prejudice. Now, this is clearly not a case of willful disobedience of a court order that would justify the harsh remedy of involuntary dismissal. Rather, this is a case controlled by Crane v. Smallwood, 1989. Decision of this court, which was cited by the pro se litigant to the district court, was not addressed by the district court, that there was at least a very substantial question existing regarding the petitioner's ability to comply with the court order. Your argument is that – sorry, go ahead. What do you have to say that that was a civil, commercial-type case, was not a habeas case? Well, Your Honor, the fact that the petitioner's very freedom is on the line in a habeas case, I would suggest – You feel that this is a fortiori case? I believe so. But it's never been applied in a habeas-type case in the Ninth Circuit. It might not have been applied – no, it has not, Your Honor. But the fact that a case was not cited on Thursday and this was decided on Wednesday, I think this is – you know, in all honesty, Your Honor, the cases are replete. It says petitioners and habeas must be treated very gingerly by the court. They must be – their pleadings must be liberally construed. The court has a deep, deep preference to reach the merits of a case rather than addressing it on technical procedural grounds. And in this case, Your Honor, every claim was exhausted. Is your contention that Crane requires a 17C competency hearing? Yes, Your Honor. Thank you. We'll hear from the government. May I reserve the rest of my time? Oh, certainly. Oh, absolutely. May it please the Court. Justin Riley on behalf of Appelli. Thank you. In Crane, it appears that the plaintiff was properly prosecuting his case. There is no indication that the plaintiff was seeking more time, counsel, or assistance of any kind. The district court in Crane issued an order that the petitioner did not obey. This was the sole reason for dismissal. Here, Appellant was not properly prosecuting the action. Was it apparent to the district court, though, that the appellant was not complying by reason of some sort of mental or some sort of problem he had that dealt with his competence? He seemed to be trying to move it along, but not very efficiently.  Should the district court have been aware that there was some sort of mental block here going on and not being just difficult for the purpose of trying to prolong the proceeding? I believe that it was apparent to the district court that the petitioner was making a claim that mental incompetency was hindering his ability to understand the orders. In fact, I believe the district court offered or granted Petitioner's request or the appellant's request for extension of time based on mental incompetence. And after the extension of time expired, I believe that the appellant did not seek further extension of time or didn't respond in any way until the time had expired for responding to the order. Is the State waiving the statute of limitations defense here? The State hasn't even appeared in the district court proceedings. We weren't ordered to appear and we didn't litigate this claim in any way, so I believe no would be the answer to that question. The district court also knew that he was in a psychiatric facility in the prison. Is that correct? The petitioner did present documents to that effect, yes. Why isn't there sufficient showing here to have at least an evidentiary hearing? Well, I believe that I argued in my brief that mental incompetence hasn't been defined in this specific regard, whether or not a petitioner can or is able to prosecute his claim. But you don't claim he has to meet the McNaughton test, do you? I don't. Since there is no test for this, I likened it to whether or not a petitioner has the competence to dismiss his claim. It seemed the most logical correlation to me, and I cited there on page 14 of my brief what the standard is for a petitioner's capacity to dismiss his case. It's not whether or not he can understand exhaustion. I don't believe, you know, even seasoned attorneys can fully understand exhaustion. But it's whether or not a petitioner has the capacity to know whether or not he wants to go forward or not, not his ability or his acuity in pursuing a claim. You think he had sufficient awareness to know that he didn't want to go forward with this claim any further? Is that your position? No. I'm saying that he did have the capacity to know that he did want to go forward. He just wasn't. He didn't respond to it. Okay. Your position is he was being recalcitrant then. He was being difficult. I don't want to accuse him of recalcitrant. Well, what are you accusing him? You've got to accuse him of something. If I had to accuse him of something, I would just say that he didn't understand exhaustion and he wasn't going forward for that reason. Because of his mental incompetency. I just think he didn't understand exhaustion like so many of us don't. All right. Anything further? I just wanted to point out a few basic things. It was Appellant's contention, I believe, in his response brief to my opening that the facts that Petitioner, that he alleged at the district court had to be accepted as true. I believe that the cases he cited in that regard were from cases where a motion to dismiss was pending. Here, nothing was pending. There was no duty on the part of the district court to accept any of these allegations as true according to these cases. And I believe on that I would submit. Thank you, counsel. Support or use of reserve time? Unless the court has any questions, I'll submit it, Your Honor. Yeah, I have a question. If we decide to remand it to the district court, would there be one option that the without prejudice? No, Your Honor, because the whole basis for the order to show cause was failure to show exhaustion. And I don't think there's any dispute that he's exhausted each and every claim. So I don't believe the dismissal, even without prejudice, is an option. And you might file a statute of limitations problem if it's dismissed, is that it? I would respond to any defense that the respondent raises. Yes. Okay. All right. Thank you, counsel. The case just argued will be submitted for decision. And we will now hear argument in Schaefer v. Barnhart.
judges: O'scannlain, Cowen, Bea